UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAFAEL GARCIA ARELLANO,

Petitioner,

v. Case No.: 2:26-cv-02949-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondent.
_______________________________/

## **OPINION AND ORDER**

Before the Court are Rafael Garcia Arellano's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Garcia Arellano is a native of Mexico who entered the United States without inspection—the record does not reflect when, but it was no later than 2009, when his U.S. citizen daughter was born. On August 5, 2026, Florida Highway Patrol arrested Garcia Arellano and handed him over to Immigration and Customs Enforcement (ICE). ICE commenced removal proceedings two days later. On September 3, 2026, Immigration Judge Frank Pimentel denied bond with this order:

> Flight risk – Entered without inspection at an unknown time, and he does not even allege an entry date. Respondent has no viable relief available to him. Says he will file a 42B, but he has not done so. Says he may get married and the putative wife may petition for him, but this is all speculative. See Matter of A-L-S-.

(Doc. 5-1 at 13). On September 22, 2026, Judge Pimentel ordered Garcia Arellano removed to Mexico. Garcia Arellano appealed, so the removal order is not administratively final.

Garcia Arellano claims his detention violates the Fifth Amendment because the bond hearing did not involve an individualized assessment of the relevant evidence. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e)—it cannot reweigh evidence or otherwise review Judge Pimentel's discretion. But Garcia Arellano also recognizes that limitation and makes it clear he is challenging the process undergirding his detention, not Judge Pimentel's discretion.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

"Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, *ignored an important aspect of the issue*, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added). Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). In the immigration context, the special justifications are to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. It follows that to satisfy the Fifth Amendment, immigration detention

must be based on an individualized, evidence-based assessment of flight risk or danger to the community.

The evidence before the Court demonstrates that Judge Pimentel's denied bond based on a presumption that noncitizens without pending applications for immigration relief must be detained. The bond order does not reflect an individualized assessment of the relevant facts aimed at determining if Garcia Arellano is a flight risk or a danger to the community. An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here.

Ironically, the single case Judge Pimentel cited—*Matter of A-L-S-*, 29 I&N Dec. 794 (BIA 2026)—provides further support that limiting review to Rodriguez Sotolongo's chances for immigration relief was insufficient. In *Matter of A-L-S-*, the BIA vacated a bond decision because the immigration judge only considered the noncitizen's pending application for immigration relief. The BIA instructed the immigration judge to assess "flight risk based on the totality of the record, including the existence and substance of any applications for relief, objective evidence relating to the respondent's claimed family relationships and equities, and the extent to which any asserted forms of relief meaningfully bear on the respondent's likelihood of attendance at

future proceedings and compliance with future orders." *Matter of A-L-S-*, 29 I&N at 798.

In sum, the Court finds that Garcia Arellano's detention without an individualized assessment of the relevant facts violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Rafael Garcia Arellano's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Garcia Arellano and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record